IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MICHAEL J. ELI, )
)
        **Plaintiff,** )
v. ) Case No. CIV–21–262–JAR
)
KILO KIJAKAZI, )
**Acting Commissioner of the** )
**Social Security Administration,** )
)
        **Defendant.** )

**OPINION AND ORDER**

Plaintiff Michael J. Eli (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was forty-six years old at the time of the administrative hearing. (Tr. 15, 22). He possesses at least a high school education (Tr. 22). He has worked as an industrial truck operator and shipping receiving clerk. (Tr. 21). The claimant alleges that he has been unable to work since January 18, 2019, due to limitations resulting from chronic back pain, fibromyalgia, "hard to stand for very long," heart problems, shoulder problems, and knee problems. (Tr. 191).

## Procedural History

On June 5, 2019[2], Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Lawrence T. Ragona, II ("ALJ") issued an unfavorable decision on January 15, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

---

[2] Although the ALJ misstates that Claimant filed his application for supplemental security income on April 30, 2019, according to the record Claimant filed his application on June 5, 2019. (Tr. 15, 167)

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, Claimant retained the residual functional capacity ("RFC") to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to consider all of Claimant's impairments in his step two analysis and (2) failing to include all of Claimant's limitations in the RFC and the hypothetical questioning of the vocational expert at step five.

## Step Two Analysis

In his decision, the ALJ found Claimant suffered from the severe impairments of disorders of the back and shoulder. (Tr. 17) He determined Claimant could perform light work as defined in 20 C.F.R. 416.967(b) except that he should not perform over the shoulder work with the upper right extremity. (Tr. 20).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of price marker and lab sample carrier. (Tr. 22). As a result, the ALJ concluded Claimant had not been under a disability since "April 30, 2019, the date the application was filed."[3] (Tr. 36).

---

[3] This Court again notes the ALJ misstated the application date. (Tr. 23). According to the record Claimant filed his application for supplemental security income on June 5, 2019. (Tr. 167). On remand, the ALJ should ensure the application date is properly stated.

Claimant argues that the ALJ erred at step two of the sequential evaluation process by failing to make any determination at step two as to whether Claimant's hypertension, palpitation, and anxiety were severe or non-severe. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits his physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). A claimant must demonstrate he has a severe impairment that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D).

The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Typically, errors in determining an impairment's severity at step two are harmless and, therefore, not reversible. *Allman v. Colvin*, 813 F.3d 1326, 1330. (10th Cir. 2016). But "a failure to find an impairment medically determinable is essentially a step-four error," which can only be harmless "if the ALJ considered the non-medically determinable impairment in assessing the RFC." *Ray v. Colvin*, 657 F.App'x 733, 734 (10th Cir. 2016)(citing *Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013)).

Here, the ALJ altogether failed to mention at any point in his opinion Claimant's hypertension and palpitation despite records indicating Claimant's need for high blood pressure medications and records from cardiologist Dr.

5

Mohamad Mayhani. Treatment notes from February 20, 2018, indicate that Claimant was referred to Dr. Mayhani after complaining of chest pain. (Tr. 382–383). Dr. Mayahni performed an echocardiogram on Claimant and prepared a report on October 24, 2018. (Tr. 334–337). Neither record was noted in the ALJ's decision. Likewise, the ALJ failed to acknowledge the numerous records indicating Claimant suffers from hypertension. (Tr. 290–291, 298, 315, 334–336, 384–385). Although the ALJ did analyze Claimant's other mental impairments, particularly Claimant's depression, he failed to determine the severity of Claimant's anxiety.

This Court further acknowledges that the ALJ did not summarize the medical evidence of record and gives a very minimal explanation of his RFC determination. The ALJ's error in not finding Claimant's hypertension, palpations, and anxiety to be medically determinable impairments cannot be harmless in this case where the ALJ likewise erred in considering the evidence of record, including the records relating to these impairments, during his step four RFC determination. On remand, the ALJ shall consider all the medical evidence in deciding the severity of Claimant's medically determinable impairments and making his RFC determination.

## Testimony of Vocational Expert

Claimant also contends the ALJ failed to account for all of Claimant's impairments in the hypothetical questioning of the vocational expert. Since the ALJ's decision is reversed on an improper evaluation of Claimant's medical

impairments, the ALJ shall re-evaluate his hypothetical question to the VE in light of any changes to his RFC determination.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case be **REMANDED** for further proceedings.

**IT IS SO ORDERED** this 30th day of March, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**